**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ALDI INC.,

*Plaintiff*,

v.

INTELLECTUAL VENTURES I LLC;
INTELLECTUAL VENTURES I LLC; and
OL SECURITY LLC,

*Defendants*.

Civil Action No. 26-cv-461-GBW

JURY TRIAL DEMANDED

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS TO**
**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

Intellectual Ventures I LLC ("Intellectual Ventures I"), Intellectual Ventures II LLC ("Intellectual Ventures II"), and OL Security LLC ("OL Security") (together, "Intellectual Ventures" or "Defendants") hereby submit their Answer to Plaintiff ALDI Inc.'s ("ALDI" or "Plaintiff") Complaint for Declaratory Judgment. Except as otherwise admitted in this Answer, Intellectual Ventures denies each and every allegation in the complaint.

## I. NATURE OF THE ACTION

1. Intellectual Ventures admits that this is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code. Intellectual Ventures denies that ALDI is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 1.

2. Intellectual Ventures denies the allegations of Paragraph 2.

## II. THE PARTIES

3. Intellectual Ventures is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 and therefore denies the allegations in Paragraph 3.

4. Intellectual Ventures I admits that it is a limited liability company organized and existing under the laws of the State of Delaware. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 4.

5. Intellectual Ventures II admits that it is a limited liability company organized and existing under the laws of the State of Delaware. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 5.

6. OL Security admits that it is a limited liability company organized and existing under the laws of the State of Delaware. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 6.

## III. JURISDICTION AND VENUE

7. Intellectual Ventures admits that this action purports to arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the patent laws of the United States, 35 U.S.C. § 1 et seq., and that this Court has subject matter jurisdiction over this action. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 7.

8. Intellectual Ventures admits only that ALDI seeks a declaration of non-infringement, but denies that ALDI is entitled to such relief. Intellectual Ventures further denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 8.

9. Intellectual Ventures admits that it is subject to general personal jurisdiction in Delaware. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 9.

10. Intellectual Ventures I admits that it is subject to general personal jurisdiction in Delaware because it was formed under the laws of the State of Delaware. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 10.

11. Intellectual Ventures II admits that it is subject to general personal jurisdiction in Delaware because it was formed under the laws of the State of Delaware. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 11.

12. OL Security admits that it is subject to general personal jurisdiction in Delaware because it was formed under the laws of the State of Delaware. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 12.

13. Intellectual Ventures admits that it has filed the referenced litigations. Those litigations speak for themselves. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 13.

14. Intellectual Ventures admits that it has entered into certain licensing agreements for use of certain patents. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 14.

15. Intellectual Ventures admits that venue is proper in this judicial district. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 15.

## IV. <u>THE DJ PATENTS</u>

16. Intellectual Ventures II admits it is the owner or assignee of U.S. Patent No. 8,332,844 (the "'844 Patent") and U.S. Patent No. 8,352,584 (the "'584 Patent). Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 16.

17. Intellectual Ventures I admits it is the owner or assignee of the U.S. Patent No. 7,257,582 (the "'582 Patent") and U.S. Patent No. RE48,894 (the "'894 Patent"). Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 17.

18. OL Security admits that is the assignee of U.S. Patent No. 7,930,287 (the "'287 Patent") and U.S. Patent No. 9,948,712 (the "'712 Patent"). Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 18.

## V. FACTUAL BACKGROUND

19. Intellectual Ventures has been involved in the business of inventing. Intellectual Ventures Management, LLC facilitates invention by inventors and the filing of patent applications for those inventions, collaboration with others to develop and patent inventions, and the acquisition and licensing of patents from individual inventors, universities, corporations, and other institutions. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 19.

20. Intellectual Ventures admits that it has licensing materials. Those licensing materials speak for themselves. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 20.

21. Intellectual Ventures admits that it has licensing materials. Those licensing materials speak for themselves. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 21.

22. Intellectual Ventures admits that it has licensing materials. Those licensing materials speak for themselves. Intellectual Ventures denies any characterization, substantive

allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 22.

23. Intellectual Ventures admits that it has licensing materials. Those licensing materials speak for themselves. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 23.

24. Intellectual Ventures admits that it has licensing materials. Those licensing materials speak for themselves. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 24.

25. Intellectual Ventures admits that it sent a March 20, 2026 letter to ALDI. The letter speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 25.

26. Intellectual Ventures admits that it sent a March 20, 2026 letter to ALDI. The letter speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 26.

27. Intellectual Ventures denies the allegations of Paragraph 27.

28. Intellectual Ventures admits that it has filed the referenced litigations. Those litigations speak for themselves. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 28.

29. Intellectual Ventures denies the allegations of Paragraph 29.

30. Intellectual Ventures admits that it sent June 2025 and March 20, 2026 letters to ALDI. Those letters speak for themselves. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 30.

31. Intellectual Ventures admits that it provided ALDI with licensing materials. Those materials speak for themselves. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 31.

32. Intellectual Ventures admits that it sent a March 20, 2026 letter to ALDI. The letter speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 32.

33. Intellectual Ventures admits that it sent a March 20, 2026 letter to ALDI. The letter speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 33.

34. Intellectual Ventures admits that it sent a March 20, 2026 letter to ALDI. The letter speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 34.

35. Intellectual Ventures denies the allegations of Paragraph 35.

36. Intellectual Ventures denies the allegations of Paragraph 36.

**COUNT I: DECLARATION OF NON-INFRINGEMENT**
**U.S. PATENT NO. 8,332,844**

37. Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

38. Intellectual Ventures admits on its face the allegations of Paragraph 38 to the extent they accurately describe the title and abstract of the ’844 Patent. The ’844 Patent speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’844 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 38.

39. Intellectual Ventures admits that it has asserted the ’844 patent in several litigations. The pleadings of which speak for themselves. Further, the March 20, 2026 letter speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’844 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 39.

40. Intellectual Ventures admits only that ALDI seeks a declaration of non-infringement, but denies that ALDI is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 40.

41. Intellectual Ventures admits on its face the allegations of Paragraph 41 to the extent they accurately describe independent Claim 7 of the ’844 Patent. The ’844 Patent speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope

of the claims of the ’844 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 41.

42. Intellectual Ventures denies the allegations of Paragraph 42.

43. Intellectual Ventures denies the allegations of Paragraph 43.

44. Intellectual Ventures denies the allegations of Paragraph 44.

45. Intellectual Ventures denies the allegations of Paragraph 45.

46. Intellectual Ventures admits only that ALDI seeks a declaration of non-infringement, but denies that ALDI is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 46.

**COUNT II: DECLARATION OF NON-INFRINGEMENT**
**U.S. PATENT NO. 8,352,584**

47. Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

48. Intellectual Ventures admits on its face the allegations of Paragraph 48 to the extent they accurately describe the title and abstract of the ’584 Patent. The ’584 Patent speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’584 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 48.

49. Intellectual Ventures admits that the March 20, 2026 letter speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’584 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 49.

50. Intellectual Ventures admits only that ALDI seeks a declaration of non-infringement, but denies that ALDI is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 50.

51. Intellectual Ventures admits on its face the allegations of Paragraph 51 to the extent they accurately describe independent Claim 1 of the '584 Patent. The '584 Patent speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the '584 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 51.

52. Intellectual Ventures admits that the '584 Patent is a continuation of Application No. 11/927,921, which issued as U.S. Patent No. 7,822,841. The patent file history speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the '584 Patent. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 52.

53. Intellectual Ventures admits that the cited office action speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 53.

54. Intellectual Ventures admits that the cited prosecution history documents speak for themselves. Intellectual Ventures denies any characterization, substantive allegations, legal

conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 54.

55. Intellectual Ventures admits that the cited case law and prosecution history speak for themselves. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 55.

56. Intellectual Ventures denies the allegations of Paragraph 56.

57. Intellectual Ventures denies the allegations of Paragraph 57.

58. Intellectual Ventures denies the allegations of Paragraph 58.

59. Intellectual Ventures denies the allegations of Paragraph 59.

60. Intellectual Ventures admits only that ALDI seeks a declaration of non-infringement, but denies that ALDI is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 60.

**COUNT III: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,257,582**

61. Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

62. Intellectual Ventures admits on its face the allegations of Paragraph 62 to the extent they accurately describe the title and abstract of the ’582 Patent. The ’582 Patent speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’582 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 62.

63. Intellectual Ventures admits that the March 20, 2026 letter speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’582 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 63.

64. Intellectual Ventures admits only that ALDI seeks a declaration of non-infringement, but denies that ALDI is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 64.

65. Intellectual Ventures admits on its face the allegations of Paragraph 65 to the extent they accurately describe Claim 1 of the ’582 Patent. The ’582 Patent speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’582 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 65.

66. Intellectual Ventures admits that the cited prosecution history speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 66.

67. Intellectual Ventures denies the allegations of Paragraph 67.

68. Intellectual Ventures denies the allegations of Paragraph 68.

69. Intellectual Ventures denies the allegations of Paragraph 69.

70. Intellectual Ventures admits only that ALDI seeks a declaration of non-infringement, but denies that ALDI is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 70.

**COUNT IV: DECLARATION OF NON-INFRINGEMENT**
**U.S. PATENT NO. RE48,894**

71. Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

72. Intellectual Ventures admits on its face the allegations of Paragraph 72 to the extent they accurately describe the title and a claimed element of the ’894 Patent. The ’894 Patent speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’894 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 72.

73. Intellectual Ventures admits the March 20, 2026 letter speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’894 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 73.

74. Intellectual Ventures admits only that ALDI seeks a declaration of non-infringement, but denies that ALDI is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 74.

75. Intellectual Ventures admits on its face the allegations of Paragraph 75 to the extent they accurately describe Claims 8 and 15 of the ’894 Patent. The ’894 Patent speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or

implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’894 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 75.

76. Intellectual Ventures denies the allegations of Paragraph 76.

77. Intellectual Ventures denies the allegations of Paragraph 77.

78. Intellectual Ventures denies the allegations of Paragraph 78.

79. Intellectual Ventures denies the allegations of Paragraph 79.

80. Intellectual Ventures denies the allegations of Paragraph 80.

81. Intellectual Ventures admits only that ALDI seeks a declaration of non-infringement, but denies that ALDI is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 81.

**COUNT V: DECLARATION OF NON-INFRINGEMENT**
**U.S. PATENT NO. 7,930,287**

82. Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

83. Intellectual Ventures admits on its face the allegations of Paragraph 83 to the extent they accurately describe the title and abstract of the ’287 Patent. The ’287 Patent speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’287 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 83.

84. Intellectual Ventures admits the March 20, 2026 letter speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims

of the ’287 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 84.

85. Intellectual Ventures admits only that ALDI seeks a declaration of non-infringement, but denies that ALDI is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 85.

86. Intellectual Ventures admits on its face the allegations of Paragraph 86 to the extent they accurately describe Claim 28 of the ’287 Patent. The ’287 Patent speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’287 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 86.

87. Intellectual Ventures denies the allegations of Paragraph 87.

88. Intellectual Ventures denies the allegations of Paragraph 88.

89. Intellectual Ventures denies the allegations of Paragraph 89.

90. Intellectual Ventures denies the allegations of Paragraph 90.

91. Intellectual Ventures denies the allegations of Paragraph 91.

92. Intellectual Ventures admits only that ALDI seeks a declaration of non-infringement, but denies that ALDI is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 92.

## COUNT VI: DECLARATION OF NON-INFRINGEMENT U.S. PATENT NO. 9,948,712

93. Intellectual Ventures incorporates and realleges its previous responses as if fully set forth herein.

94. Intellectual Ventures admits on its face the allegations of Paragraph 94 to the extent they accurately describe the title and a claimed element of the ’712 Patent. The ’712 Patent speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’712 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 94.

95. Intellectual Ventures admits that the March 20, 2026 letter speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’712 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 95.

96. Intellectual Ventures admits only that ALDI seeks a declaration of non-infringement, but denies that ALDI is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 96.

97. Intellectual Ventures admits on its face the allegations of Paragraph 97 to the extent they accurately describe Claim 16 of the ’712 Patent. The ’712 Patent speaks for itself. Intellectual Ventures denies any characterization, substantive allegations, legal conclusions, or implications arising therefrom and any purported characterization of, or limitation on, the scope of the claims of the ’712 Patent. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 97.

98. Intellectual Ventures denies the allegations of Paragraph 98.

99. Intellectual Ventures denies the allegations of Paragraph 99.

100. Intellectual Ventures denies the allegations of Paragraph 100.

101. Intellectual Ventures denies the allegations of Paragraph 101.

102. Intellectual Ventures admits only that ALDI seeks a declaration of non-infringement, but denies that ALDI is entitled to such relief. Except as expressly admitted, Intellectual Ventures denies the remaining allegations of Paragraph 102.

## JURY DEMAND

Intellectual Ventures hereby demands a trial by jury on all claims so triable.

## RELIEF REQUESTED

Intellectual Ventures hereby incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein. Intellectual Ventures denies that ALDI is entitled to the relief requested in paragraphs A-K of its Prayer for Relief and denies the allegations therein.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Intellectual Ventures I, Intellectual Ventures II, and OL Security contend and assert the following affirmative and other defenses in response to the allegations in the Complaint. By asserting these defenses, Intellectual Ventures does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. Intellectual Ventures' investigation of its defenses is continuing, and Intellectual Ventures reserves the right to amend their Answer to allege and assert any additional affirmative defenses, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

## FIRST DEFENSE

### (Failure to State a Claim Upon Which Relief May Be Granted)

ALDI's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

### (Failure to Allege a Sufficient Case or Controversy)

ALDI's Complaint fails to allege a sufficient case or controversy.

**RESERVATION OF ALL AFFIRMATIVE DEFENSES**

Intellectual Ventures hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

**COUNTERCLAIMS FOR PATENT INFRINGEMENT**

Counterclaim-Plaintiffs Intellectual Ventures I LLC ("Intellectual Ventures I"), Intellectual Ventures II LLC ("Intellectual Ventures II"), and OL Security LLC ("OL Security") (collectively, "Counterclaim-Plaintiffs" or "Intellectual Ventures") for their counterclaims allege against Counterclaim-Defendant ALDI, Inc. (collectively, "Counterclaim-Defendant" or "ALDI"), allege:

**THE PARTIES**

1. Intellectual Ventures I is a Delaware limited liability company having its principal place of business located at 14360 SE Eastgate Way, Bellevue, Washington 98007.

2. Intellectual Ventures II is a Delaware limited liability company having its principal place of business located at 14360 SE Eastgate Way, Bellevue, Washington 98007.

3. OL Security is a Delaware limited liability company having its principal place of business located at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

4. Intellectual Ventures I is the owner of all rights, title, and interest in and to the United States Patent No. 7,257,582 ("the '582 Patent"), and United States Patent RE48,894 ("the '894 Patent").

5. Intellectual Ventures II is the owner of all rights, title, and interest in and to the United States Patent No. 8,332,844 ("the '844 Patent") and United States Patent No. 8,352,584 ("the '584 Patent").

6. OL Security is the owner of all rights, title and interest in and to the United States Patent No. 9,948,712 ("the '712 Patent") and United States Patent No. 7,930,287 ("the '287 Patent").

## JURISDICTION AND VENUE

7. Intellectual Ventures brings this action for patent infringement pursuant to 35 U.S.C. § 271, et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## FACTUAL BACKGROUND

8. Intellectual Ventures Management, LLC ("Intellectual Ventures Management") was founded in 2000. Since then, Intellectual Ventures Management has been involved in the business of inventing. Intellectual Ventures Management facilitates invention by inventors and the filing of patent applications for those inventions, collaboration with others to develop and patent inventions, and the acquisition and licensing of patents from individual inventors, universities, corporations, and other institutions. A significant aspect of Intellectual Ventures Management's business is managing the Counterclaim-Plaintiffs in this case, Intellectual Ventures I, Intellectual Ventures II, and OL Security.

9. One of the founders of Intellectual Ventures Management is Nathan Myhrvold, who worked at Microsoft from 1986 until 2000 in a variety of executive positions, culminating in his appointment as the company's first Chief Technology Officer ("CTO") in 1996. While at

Microsoft, Dr. Myhrvold founded Microsoft Research in 1991 and was one of the world's foremost software experts. Between 1986 and 2000, Microsoft became the world's largest technology company.

10. Under Dr. Myhrvold's leadership, funds managed by Intellectual Ventures Management acquired more than 70,000 patents covering many important inventions used in the insurance and finance industries.

11. ALDI offers various types of financial related services and technologies to its customers, partners, vendors, and/or third parties. ALDI's products and services utilize and/or support various technologies, including but not limited to backend cloud technologies such as Kubernetes, Docker, and Spark.

**THE PATENTS-IN-SUIT**

***U.S. Patent No. 8,332,844***

12. On December 11, 2012, the PTO issued the '844 Patent, titled "Root image caching and indexing for block-level distributed application management." The '844 Patent is valid and enforceable. A copy of the '844 Patent is attached as Exhibit 1.

13. Intellectual Ventures II is the owner of all rights, title, and interest in and to the '844 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover damages for infringement of the '844 Patent.

***U.S. Patent No. 7,930,287***

14. On April 19, 2011, the PTO issued the '287 Patent, titled "Systems and Methods for Compound Searching." The '287 Patent is valid and enforceable. A copy of the '287 Patent is attached as Exhibit 2.

15. OL Security is the owner of all rights, title, and interest in and to the ’287 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover damages for infringement of the ’287 Patent.

***U.S. Patent No. 8,352,584***

16. On January 8, 2013, the PTO issued the ’584 Patent, titled “Systems for Hosting Customized Computing Clusters.” The ’584 Patent is valid and enforceable. A copy of the ’584 Patent is attached as Exhibit 3.

17. Intellectual Ventures II is the owner of all rights, title, and interest in and to the ’584 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the ’584 Patent.

***U.S. Patent No. 7,257,582***

18. On August 14, 2007, the PTO issued the ’582 Patent, titled “Load Balancing With Shared Data.” The ’582 Patent is valid and enforceable. A copy of the ’582 Patent is attached as Exhibit 4.

19. Intellectual Ventures I is the owner of all rights, title, and interest in and to the ’582 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover damages for infringement of the ’582 Patent.

***U.S. Reissue Patent RE48,894***

20. On January 11, 2022, the PTO issued the ’894 Patent, titled “Disaggregated Resources and Access Methods.” The ’894 Patent is valid and enforceable. A copy of the ’894 Patent is attached as Exhibit 5.

21. Intellectual Ventures I is the owner of all rights, title, and interest in and to the ’894 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the ’894 Patent.

***U.S. Patent No. 9,948,712***

22. On April 17, 2018, the PTO issued the ’712 Patent, titled “System and Method for Migrating an Agent Server to An Agent Client Device.” The ’712 Patent is valid and enforceable. A copy of the ’712 Patent is attached as Exhibit 6.

23. OL Security is the owner of all rights, title, and interest in and to the ’712 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover damages for infringement of the ’712 Patent.

**COUNTERCLAIM COUNT I**

(ALDI’s Infringement of U.S. Patent No. 8,332,844)

24. Paragraphs 1 through 23 of Intellectual Ventures’ counterclaims are incorporated by reference as if fully set forth herein.

25. **Direct Infringement.** ALDI, without authorization or license from Intellectual Ventures II, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the ’844 Patent, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Accused Products and Services that infringe the ’844 Patent, including but not limited to at least the Accused Products and Services identified in the example charts incorporated below, into this Count (collectively, “Example ALDI Counterclaim Count I Products and Services”) that infringe at least the example claims of the ’844 Patent identified in the charts incorporated into this Count (the “Example ’844 Patent Claims”) literally or by the doctrine of equivalents.

26. On information and belief, ALDI has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example ’844 Patent Claims, by internal testing and use of the Example ALDI Counterclaim Count I Products and Services.

27. Each claim of the ’844 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. The ’844 Patent discloses and claims systems and methods that address technical problems that are inherent in and derive from prior art methods and systems involving the problems of multi-cluster configuration management and efficient usage of cluster resources, among other issues. The ’844 Patent addressed this technical problem and others with a technical solution that is described in the specification and captured by one or more claims. Additionally, the claims of the ’844 Patent are novel and non-obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination.

28. Each claim of the ’844 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the ’844 Patent.

29. ALDI has known that its infringing products and services, such as the Example ALDI Counterclaim Count I Products and Services, cannot be used without infringing the technology claimed in the ’844 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

30. **Willful Blindness.** ALDI knew of the ’844 Patent, or should have known of the ’844 Patent, but was willfully blind to its existence. ALDI has had actual knowledge of the ’844 Patent through receipt of a notice letter dated at least June 5, 2025. By the time of trial, ALDI

will have known and intended that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the ’844 Patent.

31. **Induced Infringement**. ALDI has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the ’844 Patent by contributing to and/or inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example ALDI Counterclaim Count I Products and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, customers, and/or third parties to infringe the ’844 Patent. For example, on information and belief, ALDI offers products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example ALDI Counterclaim Count I Products and Services. ALDI has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the ’844 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example ALDI Counterclaim Count I Products and Services.

32. ALDI therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the ’844 Patent with knowledge of the ’844 Patent and knowledge that the induced acts constitute infringement of one or more claims of the ’844 Patent. ALDI has actively induced others, including, but not limited to, partners, vendors, customers, and/or third parties who use the Example ALDI Counterclaim Count I Products and Services to infringe the ’844 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting,

and instructing the infringing use of the Example ALDI Counterclaim Count I Products and Services.

33. **Contributory Infringement**. ALDI actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, inter alia, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '844 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '844 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

34. ALDI therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners', vendors', and/or third-parties' infringement of the '844 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Example ALDI Counterclaim Count I Products and Services for use in a manner that infringes one or more claims of the '844 Patent. Example ALDI Counterclaim Count I Products and Services are especially made or adapted for infringing the '844 Patent and have no substantial non-infringing use.

35. Exhibit 7 (claim chart) includes the Example ALDI Counterclaim Count I Products and Services and Example '844 Patent Claims. As set forth in these charts, the Example ALDI Counterclaim Count I Products and Services practice the technology claimed by the '844 Patent. Accordingly, the Example ALDI Counterclaim Count I Products and Services incorporated in these charts satisfy all elements of the Example '844 Patent Claims.

36. Intellectual Ventures II therefore incorporates by reference in its allegations herein the claim chart of Exhibit 7.

37. Intellectual Ventures II is entitled to recover damages adequate to compensate for Counterclaim-Defendant's infringement of the '844 Patent and will continue to be damaged by such infringement. Intellectual Ventures II is entitled to recover damages from Counterclaim-Defendant to compensate them for Counterclaim-Defendant's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

38. Further, ALDI's infringement of Intellectual Ventures II's rights under the '844 Patent will continue to damage Intellectual Ventures II's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

39. As a result of Counterclaim-Defendant's acts of infringement, Intellectual Ventures II has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNTERCLAIM COUNT II

(ALDI's Infringement of U.S. Patent No. 7,930,287)

40. Paragraphs 1 through 39 are incorporated by reference as if fully set forth herein.

41. **Direct Infringement**. ALDI, without authorization or license from OL Security, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '287 Patent, by making, manufacturing, utilizing, servicing, testing, distributing, selling, offering, and/or offering for sale the Accused Products and Services that infringe the '287 Patent, including but not limited to at least the Accused Systems and Services include without limitation ALDI systems and services that utilize ElasticSearch; all past, current, and future systems and services that operate in the same or

substantially similar manner as the specifically identified systems and services; and all past, current, and future ALDI systems and services that have the same or substantially similar features as the specifically identified systems and services ("Example ALDI Counterclaim Count II Systems and Services" or "ALDI Systems and Services") literally or by the doctrine of equivalents

42. On information and belief, ALDI has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '287 Patent Claims, by internal testing and use of the Example ALDI Counterclaim Count II Products and Services.

43. Each claim of the '287 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. The '287 Patent discloses and claims systems and methods for searching large compound databases using multiple search criteria and compound representations in order to efficiently identify compounds satisfying specified characteristics.

44. On information and belief, the ALDI Systems and Services use ElasticSearch technology in at least ALDI's on-premise and/or private cloud(s). For example, ALDI posts, or has posted, job opportunities that require familiarity with ElasticSearch concepts and it has engineers who indicate that they use ElasticSearch as part of their job responsibilities.

45. On information and belief, other information confirms ALDI uses non-licensed implementations of ElasticSearch.

46. On information and belief, ALDI uses at least on-premises and/or private cloud, and on information and belief, uses non-licensed ElasticSearch and/or other similar technologies that operate in the same or substantially similar manner as the specifically identified systems and services.

47. Each claim of the ’287 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the ’287 Patent.

48. On information and belief, ALDI directly infringes the asserted claims of the ’287 Patent, either literally or under the doctrine of equivalents, through at least using ElasticSearch in the ALDI Systems and Services.

49. In addition, on information and belief, ALDI directly infringes the ’287 Patent by testing the ALDI Systems and Services and its various systems that use ElasticSearch.

50. On information and belief, ALDI has known that its infringing products and services, such as the Example ALDI Counterclaim Count II Products and Services, cannot be used without infringing the ’287 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

51. **Willful Blindness.** ALDI knew of the ’287 Patent, or should have known of the ’287 Patent, but was willfully blind to its existence. ALDI has had actual knowledge of the ’287 Patent not later than receipt of a letter, dated at least June 5, 2025, and received on the same date. By the time of trial, ALDI will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the ’287 Patent.

52. **Induced Infringement.** ALDI has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the ’287 Patent by contributing to and/or inducing its partners, vendors, customers, and/or third parties to use or its products and services, such as Example ALDI Counterclaim Count II Products and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors,

customers, and/or third parties to infringe the ’287 Patent. For example, on information and belief, ALDI offers products and services to its customers and third parties and/or employees that are associated with the Example ALDI Counterclaim Count II Products and Services. ALDI has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the ’287 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with the Example ALDI Counterclaim Count II Products and Services.

53. On information and belief, ALDI, with knowledge at least since the receipt of the notice letter and the time of filing the complaint, also indirectly infringes the ’287 Patent by inducing its employees, customers, and other third parties (such as vendors) to use ALDI Systems and Services, and provides documents that include instructions regarding how to use ALDI products and services that use ElasticSearch in the ALDI Systems and Services in an infringing manner.

54. On information and belief, ALDI supplies its employees, customers, and other third parties with access to the ALDI Systems and Services through various products and services that allows its employees, customers, and other third parties to use the claimed method. On information and belief, ALDI provides instructions on how to use its various products and services that use ElasticSearch in the ALDI Systems and Services in an infringing manner, the use of which results in infringement of the ’287 Patent claims through performance of the claimed methods.

55. On information and belief, ALDI therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the ’287 Patent with

knowledge of the ’287 Patent and knowledge that the induced acts constitute infringement of one or more claims of the ’287 Patent. ALDI has actively induced others, including, but not limited to, partners, vendors, customers, and/or third parties who use the Example ALDI Counterclaim Count II Products and Services to infringe the ’287 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example ALDI Counterclaim Count II Products and Services.

56. **Contributory Infringement.** ALDI actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the ’287 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the ’287 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

57. ALDI therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners’, vendors’, and/or third-parties’ infringement of the ’287 Patent, literally and/or by the doctrine of equivalents, by making, manufacturing, utilizing, servicing, testing, distributing, selling, offering, and/or offering for sale the Example ALDI Counterclaim Count II Products and Services for use in a manner that infringes one or more claims of the ’287 Patent. Example ALDI Counterclaim Count II Products and Services are especially made or adapted for infringing the ’287 Patent and have no substantial non-infringing use.

58. Exhibit 8 (claim chart) includes the Example ALDI Counterclaim Count II Products and Services and Example ’287 Patent Claims. As set forth in the chart, the Example ALDI Counterclaim Count II Products and Services practice the technology claimed by the ’287 Patent. Accordingly, the Example ALDI Counterclaim Count II Products and Services incorporated in the chart satisfy all elements of the Example ’287 Patent Claims.

59. OL Security therefore incorporates by reference in its allegations herein the claim chart of Exhibit 8.

60. OL Security is entitled to recover damages adequate to compensate for Counterclaim-Defendant’s infringement of the ’287 Patent and will continue to be damaged by such infringement. OL Security is entitled to recover damages from Counterclaim-Defendant to compensate them for Counterclaim-Defendant’s infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

61. Further, Counterclaim-Defendant’s infringement of OL Security’s rights under the ’287 Patent will continue to damage OL Security’s business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

62. As a result of Counterclaim-Defendant’s acts of infringement, OL Security has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNTERCLAIM COUNT III

(ALDI’s Infringement of U.S. Patent No. 8,352,584)

63. Paragraphs 1 through 62 of Intellectual Ventures’ counterclaims are incorporated by reference as if fully set forth herein.

64. **Direct Infringement**. ALDI, without authorization or license from Intellectual Ventures II, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the ’584 Patent, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Accused Products and Services that infringe the ’584 Patent, including but not limited to at least the Accused Products and Services identified in the example chart incorporated into this Count (collectively, “Example ALDI Counterclaim Count III Products and Services”) that infringe at least the example claims of the ’584 Patent identified in the chart incorporated into this Counterclaim Count (the “Example ’584 Patent Claims”) literally or by the doctrine of equivalents.

65. On information and belief, ALDI has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example ’584 Patent Claims, by internal testing and use of the Example ALDI Counterclaim Count III Products and Services.

66. Each claim of the ’584 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. For example, the ’584 Patent discloses secure, customizable computer clusters and detecting cluster-level and node-level issues. The ’584 Patent discloses and claims systems and methods that address technical problems that are inherent in and derive from prior art methods and systems involving the problems of multi-cluster configuration management and efficient usage of cluster resources, among other issues. The ’584 Patent addressed this technical problem and others with a technical solution that is described in the specification and captured by one or more claims. Additionally, the claims of the ’584 Patent are novel and non-obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination.

67. Each claim of the '584 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the '584 Patent.

68. ALDI has known that its infringing products and services, such as the Example ALDI Counterclaim Count III Products and Services, cannot be used without infringing the technology claimed in the '584 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

69. **Willful Blindness.** ALDI knew of the '584 Patent, or should have known of the '584 Patent, but was willfully blind to its existence. ALDI has had actual knowledge of the '584 Patent not later than receipt of a notice letter dated at least June 5, 2025.

70. **Induced Infringement.** ALDI has also induced, and continues to induce the infringement of the '584 Patent by inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example ALDI Counterclaim Count III Products and Services, in an infringing manner as described above, including encouraging and instructing its customers, partners, vendors, customers, and/or third parties to infringe the '584 Patent. For example, on information and belief, ALDI offers products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example ALDI Counterclaim Count III Products and Services. ALDI has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '584 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example ALDI Counterclaim Count III Products and Services.

71. ALDI therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the ’584 Patent with knowledge of the ’584 Patent and knowledge that the induced acts constitute infringement of one or more claims of the ’584 Patent. ALDI has actively induced others, including, but not limited to, customers, partners, vendors, customers, and/or third parties who use the Example ALDI Counterclaim Count III Products and Services to infringe the ’584 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example ALDI Counterclaim Count III Products and Services.

72. **Contributory Infringement.** ALDI actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the ’584 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the ’584 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

73. ALDI therefore actively, knowingly, and intentionally has been and continues to materially contribute to their customers, partners’, vendors’, and/or third-parties’ infringement of the ’584 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Example ALDI Counterclaim Count III Products and Services for use in a manner that infringes one or more claims of the ’584

Patent. Example ALDI Counterclaim Count III Products and Services are especially made or adapted for infringing the '584 Patent and have no substantial non-infringing use.

74. As described in the example chart incorporated into this Counterclaim Count, Intellectual Ventures II does not accuse ALDI products and services that use a licensed cloud provide where the functionality for the '584 Patent is covered by that license. Example ALDI Counterclaim Count III Products and Services do not include licensed ALDI products and services.

75. Exhibit 9 (claim chart) includes the Example ALDI Counterclaim Count III Products and Services and Example '584 Patent Claims. As set forth in the chart, the Example ALDI Counterclaim Count III Products and Services practice the technology claimed by the '584 Patent. Accordingly, the Example ALDI Counterclaim Count III Products and Services incorporated in the chart satisfies all elements of the Example '584 Patent Claims.

76. Intellectual Ventures II therefore incorporates by reference in its allegations herein the claim chart of Exhibit 9.

77. Intellectual Ventures II is entitled to recover damages adequate to compensate for ALDI's infringement of the '584 Patent and will continue to be damaged by such infringement. Intellectual Ventures II is entitled to recover damages from ALDI to compensate them for ALDI's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

78. Further, ALDI's infringement of Intellectual Ventures II's rights under the '584 Patent will continue to damage Intellectual Ventures II's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

79. As a result of ALDI's acts of infringement, Intellectual Ventures II has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNTERCLAIM COUNT IV**

(ALDI's Infringement of U.S. Patent No. 7,257,582)

80. Paragraphs 1 through 79 are incorporated by reference as if fully set forth herein.

81. **Direct Infringement.** ALDI, without authorization or license from Intellectual Ventures I, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '582 Patent, by making, manufacturing, utilizing, servicing, testing, distributing, selling, offering, and/or offering for sale the Accused Products and Services that infringe the '582 Patent, including but not limited to at least the Accused Systems and Services that include without limitation ALDI systems and services that utilize Spark; all past, current, and future systems and services that operate in the same or substantially similar manner as the specifically identified systems and services; and all past, current, and future ALDI systems and services that have the same or substantially similar features as the specifically identified systems and services ("Example ALDI Counterclaim Count IV Systems and Services" or "ALDI Systems and Services") literally or by the doctrine of equivalents.

82. On information and belief, ALDI has also infringed and continues to directly infringe literally or under the doctrine of equivalents, the Example '582 Patent Claims, by internal testing and use of the Example ALDI Counterclaim Count IV Products and Services.

83. Each claim of the '582 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. The '582 Patent is related to improving load balancing by parallel processing of partitioned data. The '582 Patent discloses and claims systems and methods that

address technical problems that are inherent in and derive from prior art method and systems involving the problems of enabling parallel processing involving linear processes, among other issues. The ’582 Patent addressed this technical problem and others with a technical solution that is described in the specification and captured by one or more claims. Additionally, the claims of the ’582 Patent are novel and non-obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination.

84. On information and belief, the ALDI Systems and Services use Spark in ALDI’s private cloud(s).

85. On information and belief, ALDI uses Spark at least on-premises and/or in a private cloud, and on information and belief, uses non-licensed Spark and/or other similar technologies that operate in the same or substantially similar manner as the specifically identified systems and services.

86. On information and belief, ALDI directly infringes the asserted claims of the ’582 Patent, either literally or under the doctrine of equivalents, through at least using Spark in the ALDI Systems and Services.

87. In addition, on information and belief, ALDI directly infringes the ’582 Patent by testing the ALDI Systems and Services and its various systems that use Spark.

88. On information and belief, ALDI has known that its infringing products and services, such as the Example Counterclaim Count IV Products and Services, cannot be used without infringing the ’582 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

89. **Willful Blindness.** ALDI knew of the ’582 Patent, or should have known of the ’582 Patent, but was willfully blind to its existence. ALDI has had actual knowledge of the ’582

Patent not later than receipt of notice, dated at least June 5, 2025, and received on the same date. By the time of trial, ALDI will have known (at least since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the ’582 Patent. .

90. **Induced Infringement.** ALDI has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the ’582 Patent by contributing to and/or inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example ALDI Counterclaim Count IV Products and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, customers, and/or third parties to infringe the ’582 Patent. For example, on information and belief, ALDI offers products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example ALDI Counterclaim Count IV Products and Services. ALDI has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the ’582 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example ALDI Counterclaim Count IV Products and Services.

91. On information and belief, ALDI, with knowledge at least since the receipt of the notice letter and the time of filing the complaint, also indirectly infringes the ’582 Patent by inducing its employees, customers, and other third parties (such as vendors) to use ALDI Systems and Services, and provides documents that include instructions regarding how to use ALDI products and services that use Spark in the ALDI Systems and Services in an infringing manner.

92. On information and belief, ALDI supplies its employees, customers, and other third parties with access to the ALDI Systems and Services through various products and services that allows its employees, customers, and other third parties to use the claimed method. On information and belief, ALDI provides instructions on how to use its various products and services that use Spark in the ALDI Systems and Services in an infringing manner, the use of which results in infringement of the ’582 Patent claims through performance of the claimed methods.

93. On information and belief, ALDI therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the ’582 Patent with knowledge of the ’582 Patent and knowledge that the induced acts constitute infringement of one or more claims of the ’582 Patent. ALDI has actively induced others, including, but not limited to, partners, vendors, customers, and/or third-parties who use the Example ALDI Counterclaim Count IV Products and Services to infringe the ’582 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example ALDI Counterclaim Count IV Products and Services.

94. **Contributory Infringement.** ALDI actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the ’582 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in

infringement of the ’582 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

95. ALDI therefore actively, knowingly, and intentionally has been and continues to materially contribute to its partners’, vendors’, and/or third-parties’ infringement of the ’582 Patent, literally and/or by the doctrine of equivalents, by making, manufacturing, utilizing, servicing, testing, distributing, selling, offering, and/or offering for sale the Example ALDI Counterclaim Count IV Products and Services for use in a manner that infringes one or more claims of the ’582 Patent. Example ALDI Counterclaim Count IV Products and Services are especially made or adapted for infringing the ’582 Patent and have no substantial non-infringing use.

96. Exhibit 10 (claim chart) includes the Example ALDI Counterclaim Count IV Products and Services and Example ’582 Patent Claims. As set forth in the chart, the Example ALDI Counterclaim Count IV Products and Services practice the technology claimed by the ’582 Patent. Accordingly, the Example ALDI Counterclaim Count IV Products and Services incorporated in the chart satisfy all elements of the Example ’582 Patent Claims.

97. Intellectual Ventures I therefore incorporates by reference in its allegations herein the claim chart of Exhibit 10.

98. Intellectual Ventures I is entitled to recover damages adequate to compensate for Counterclaim-Defendant’s infringement of the ’582 Patent and will continue to be damaged by such infringement. Intellectual Ventures I is entitled to recover damages from Counterclaim-Defendant to compensate for Counterclaim-Defendant’s infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

99. Further, Counterclaim-Defendant's infringement of Intellectual Ventures I's rights under the '582 Patent will continue to damage Intellectual Ventures I's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

100. As a result of Counterclaim-Defendant's acts of infringement, Intellectual Ventures I has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNTERCLAIM COUNT V**

(ALDI's Infringement of U.S. Reissue Patent RE48,894)

101. Paragraphs 1 through 100 of Intellectual Ventures' counterclaims are incorporated by reference as if fully set forth herein.

102. **Direct Infringement**. ALDI, without authorization or license from Intellectual Ventures I, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '894 Patent, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Accused Products and Services that infringe the '894 Patent, including but not limited to at least the Accused Products and Services identified in the example chart incorporated into this Count (collectively, "Example ALDI Counterclaim Count V Products and Services") that infringe at least the example claims of the '894 Patent identified in the chart incorporated into this Counterclaim Count (the "Example '894 Patent Claims") literally or by the doctrine of equivalents.

103. On information and belief, ALDI has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '894 Patent Claims, by internal testing and use of the Example ALDI Counterclaim Count V Products and Services.

104. Each claim of the '894 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. For example, the '894 Patent discloses a system and method for

building and accessing a disaggregated resource spread across multiple independent resource nodes, each responsible for its own part, without any centralized controller. The ’894 Patent discloses traditional distributed storage and computing architectures that relied on a central manager or controller, which creates a bottleneck, a single point of failure, and scalability limits. The ’894 Patent addressed this technical problem and others with a technical solution that is described in the specification and captured by one or more claims. Additionally, the claims of the ’894 Patent are novel and non-obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination. For example, during prosecution, the examiner found that, using claim 8 as an example, the prior art of record fails to disclose “determining, using the resource consumer device, an organizational structure of the plurality of resource nodes based on the received node names, the organizational structure being a parallel structure that enables access to a data set through at least two of the plurality of resource nodes or a serial structure that enables access to a first data block of the data set through a first resource node and to a second data block consecutive to the first data block of the data set through a second resource node;” and then “generating, using the resource consumer device, a resource map based at least in part on the organizational structure;” in combination with the other features of the claims.

105. Each claim of the ’894 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the ’894 Patent.

106. ALDI has known that its infringing products and services, such as the Example ALDI Counterclaim Count V Products and Services, cannot be used without infringing the

technology claimed in the ’894 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

107. **Willful Blindness.** ALDI knew of the ’894 Patent, or should have known of the ’894 Patent, but was willfully blind to its existence. ALDI has had actual knowledge of the ’894 Patent not later than receipt of notice dated at least June 5, 2025.

108. **Induced Infringement.** ALDI has also induced, and continues to induce the infringement of the ’894 Patent by inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example ALDI Counterclaim Count V Products and Services, in an infringing manner as described above, including encouraging and instructing its customers, partners, vendors, customers, and/or third parties to infringe the ’894 Patent. For example, on information and belief, ALDI offers products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example ALDI Counterclaim Count V Products and Services. ALDI has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the ’894 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example ALDI Counterclaim Count V Products and Services.

109. ALDI therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the ’894 Patent with knowledge of the ’894 Patent and knowledge that the induced acts constitute infringement of one or more claims of the ’894 Patent. ALDI has actively induced others, including, but not limited to, customers,

partners, vendors, customers, and/or third parties who use the Example ALDI Counterclaim Count V Products and Services to infringe the '894 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example ALDI Counterclaim Count V Products and Services.

110. **Contributory Infringement.** ALDI actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '894 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '894 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

111. ALDI therefore actively, knowingly, and intentionally has been and continues to materially contribute to their customers, partners', vendors', and/or third-parties' infringement of the '894 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Example ALDI Counterclaim Count V Products and Services for use in a manner that infringes one or more claims of the '894 Patent. Example ALDI Counterclaim Count V Products and Services are especially made or adapted for infringing the '894 Patent and have no substantial non-infringing use.

112. As described in the example chart incorporated into this Counterclaim Count, Intellectual Ventures I does not accuse ALDI products and services that use a licensed cloud provide where the functionality for the '894 Patent is covered by that license. Example ALDI

Counterclaim Count V Products and Services do not include licensed ALDI products and services.

113. Exhibit 11 (claim chart) includes the Example ALDI Counterclaim Count V Products and Services and Example ’894 Patent Claims. As set forth in the chart, the Example ALDI Counterclaim Count V Products and Services practice the technology claimed by the ’894 Patent. Accordingly, the Example ALDI Counterclaim Count V Products and Services incorporated in the chart satisfies all elements of the Example ’894 Patent Claims.

114. Intellectual Ventures I therefore incorporates by reference in its allegations herein the claim chart of Exhibit 11.

115. Intellectual Ventures I is entitled to recover damages adequate to compensate for ALDI’s infringement of the ’894 Patent and will continue to be damaged by such infringement. Intellectual Ventures I is entitled to recover damages from ALDI to compensate them for ALDI’s infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

116. Further, ALDI’s infringement of Intellectual Ventures I’s rights under the ’894 Patent will continue to damage Intellectual Ventures I’s business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

117. As a result of ALDI’s acts of infringement, Intellectual Ventures I has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNTERCLAIM COUNT VI

(ALDI’s Infringement of U.S. Patent No. 9,948,712)

118. Paragraphs 1 through 117 of Intellectual Ventures’ counterclaims are incorporated by reference as if fully set forth herein.

119. **Direct Infringement.** ALDI, without authorization or license from OL Security, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the ’712 Patent, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Accused Products and Services that infringe the ’712 Patent, including but not limited to at least the Accused Products and Services identified in the example charts incorporated below, into this Count (collectively, “Example ALDI Counterclaim Count VI Products and Services”) that infringe at least the example claims of the ’712 Patent identified in the charts incorporated into this Count (the “Example ’712 Patent Claims”) literally or by the doctrine of equivalents.

120. On information and belief, ALDI has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example ’712 Patent Claims, by internal testing and use of the Example ALDI Counterclaim Count VI Products and Services.

121. Each claim of the ’712 Patent is valid, enforceable, and patent eligible under Section 101 of the Patent Act. The ’712 Patent discloses and claims systems and methods that address technical problems that are inherent in and derive from prior art methods and systems involving mobile agent networks and more particularly, managing data within the network. The ’712 Patent addressed this technical problem and others with a technical solution that is described in the specification and captured by one or more claims. Additionally, the claims of the ’712 Patent are novel and non-obvious and recite elements and steps that were not routine or conventional at the time of the invention, either individually or in combination.

122. Each claim of the ’712 Patent recites an independent invention. Neither the example claims described nor any other individual claim is representative of all claims in the ’712 Patent.

123. ALDI has known that its infringing products and services, such as the Example ALDI Counterclaim Count VI Products and Services, cannot be used without infringing the technology claimed in the ’712 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

124. **Willful Blindness.** ALDI knew of the ’712 Patent, or should have known of the ’712 Patent, but was willfully blind to its existence. ALDI has had actual knowledge of the ’712 Patent through receipt of notice dated at least June 5, 2025. By the time of trial, ALDI will have known and intended that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the ’712 Patent.

125. **Induced Infringement**. ALDI has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the ’712 Patent by contributing to and/or inducing its partners, vendors, customers, and/or third parties to use or cause to use its products and services, such as Example ALDI Counterclaim Count VI Products and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, customers, and/or third parties to infringe the ’712 Patent. For example, on information and belief, ALDI offers products and services to its customers and third parties and/or employees that are associated with backend functionality provided by the Example ALDI Counterclaim Count VI Products and Services. ALDI has contributed to and/or induced, and continues to contribute to and/or induce the infringement of the ’712 Patent by offering such products and services and contributing to and/or inducing its customers and third parties and/or employees to use such products and services that are associated with backend functionality provided by the Example ALDI Counterclaim Count VI Products and Services.

126. ALDI therefore actively, knowingly, and intentionally has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the ’712 Patent with knowledge of the ’712 Patent and knowledge that the induced acts constitute infringement of one or more claims of the ’712 Patent. ALDI has actively induced others, including, but not limited to, partners, vendors, customers, and/or third parties who use the Example ALDI Counterclaim Count VI Products and Services to infringe the ’712 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example ALDI Counterclaim Count VI Products and Services.

127. **Contributory Infringement**. ALDI actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, inter alia, knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the ’712 Patent by its partners, vendors, customers, and/or third parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the ’712 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

128. ALDI therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners’, vendors’, and/or third-parties’ infringement of the ’712 Patent, literally and/or by the doctrine of equivalents, by making, utilizing, servicing, testing, distributing, offering, and/or offering for sale the Example ALDI Counterclaim Count VI Products and Services for use in a manner that infringes one or more claims of the ’712 Patent.

Example ALDI Counterclaim Count VI Products and Services are especially made or adapted for infringing the ’712 Patent and have no substantial non-infringing use.

129. Exhibit _12 (claim chart) includes the Example ALDI Counterclaim Count VI Products and Services and Example ’712 Patent Claims. As set forth in these charts, the Example ALDI Counterclaim Count VI Products and Services practice the technology claimed by the ’712 Patent. Accordingly, the Example ALDI Counterclaim Count VI Products and Services incorporated in these charts satisfy all elements of the Example ’712 Patent Claims.

130. OL Security therefore incorporates by reference in its allegations herein the claim chart of Exhibit 12.

131. OL Security is entitled to recover damages adequate to compensate for Counterclaim-Defendant’s infringement of the ’287 Patent and will continue to be damaged by such infringement. OL Security is entitled to recover damages from Counterclaim-Defendant to compensate them for Counterclaim-Defendant’s infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

132. Further, Counterclaim-Defendant’s infringement of OL Security’s rights under the ’287 Patent will continue to damage OL Security’s business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

133. As a result of Counterclaim-Defendant’s acts of infringement, OL Security has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Defendant and Counterclaim-Plaintiffs request that the Court enter judgment:

(A) that ALDI infringes the asserted counterclaim patents;

(B) awarding damages sufficient to compensate Defendant for ALDI's past infringement under 35 U.S.C. § 284;

(C) awarding a reasonable royalty sufficient to compensate Defendant for ALDI's continuing or future infringement, from the date of judgment through expiration of the counterclaim patents, as justified under 35 U.S.C. § 284;

(D) finding this case exceptional under 35 U.S.C. § 285 and awarding Defendant their reasonable attorneys' fees;

(E) awarding its costs and expenses incurred in this action;

(F) awarding pre-judgment and post-judgment interest; and

(G) granting such further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

**DEFENDANT/COUNTERCLAIM-PLAINTIFFS HEREBY DEMAND TRIAL BY JURY OF ALL CLAIMS SO TRIABLE UNDER FEDERAL RULE OF CIVIL PROCEDURE 38.**

Dated: July 28, 2026

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendants*
*Intellectual Ventures I LLC,*
*Intellectual Ventures II LLC,*
*OL Security LLC*

Of Counsel:

Jonathan K. Waldrop
Marcus A. Barber
John Downing
Heather S. Kim
ThucMinh Nguyen
**KASOWITZ LLP**
101 California Street, Suite 2300
San Francisco, CA 94111
Tel. (415) 421-6140
Fax. (415) 358-4408
JWaldrop@kasowitz.com
MBarber@kasowitz.com
JDowning@kasowitz.com
HKim@kasowitz.com
TNguyen@kasowitz.com

Paul G. Williams
**KASOWITZ LLP**
1230 Peachtree Street, N.E., Suite 3750
Atlanta, Georgia 30309
Tel. (404) 260-6080
Fax. (404) 260-6081
PWilliams@kasowitz.com